IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OLIVER HILL,

    Plaintiff,

  v.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT and DOES 1 through 100, inclusive,

    Defendants.

No. C 05-01185 WHA

**ORDER DENYING MOTION TO AMEND AND MOTION FOR RECONSIDERATION AND VACATING HEARING**

## INTRODUCTION

This is an employment-discrimination case in which plaintiff Oliver Hill alleged that he suffered racial harassment, a hostile-work environment and retaliation by his co-workers at defendant Bay Area Rapid Transit District ("BART"). Plaintiff seeks leave to amend his complaint pursuant to FRCP 16 or, in the alternative, to amend judgment pursuant to FRCP 59(e). No good cause exists to allow amendment of the complaint and no extraordinary circumstances justify alteration of judgment. Plaintiff's motions, therefore, are **DENIED**.

## STATEMENT

The facts underlying this litigation are discussed in more detail in the Court's order dated January 17, 2006, granting in part defendant's motion for summary judgment and remanding plaintiff's remaining state claim. In brief, plaintiff, an African-American male,

1  began working for BART as a transit-vehicle mechanic in January 1999.  Plaintiff alleged that
2  several of his Caucasian co-workers at the Richmond mechanic shop harassed and physically
3  intimidated him, in particular Christopher Van Fossen.  Van Fossen allegedly hit plaintiff in the
4  back of his hard hat purportedly causing a cervical injury.  According to plaintiff, the conduct of
5  Van Fossen was condoned by Tamar Allen, the Richmond shop manager at the time.

6  Hill was first suspended for fifteen days for filing a false complaint about the slapping
7  incident.  BART human-resources officials subsequently determined that plaintiff's broader
8  allegations of harassment were speculation deriving from plaintiff's paranoia.  As a result, in
9  January 2001, plaintiff was ordered to see a psychiatrist for a "fitness for duty" evaluation.
10 Plaintiff was placed on paid administrative leave pending the evaluation.  After various
11 modifications of the work-restrictions imposed by the psychiatrist, plaintiff finally returned to
12 work at BART's Concord shop in October 2002.

13 In June 2003, plaintiff transferred back to the Richmond shop.  Plaintiff alleged that the
14 harassment resumed upon his return.  He alleged that the harassment continued until he left the
15 Richmond shop in January 2004.

16 Plaintiff filed suit in California Superior Court for the County of Alameda on August 24,
17 2004, against BART, Allen and Van Fossen.  In that complaint, plaintiff alleged several claims
18 under California Government Code Section 12940, as well as intentional infliction of emotional
19 distress, assault and battery.  Following a partial demurrer, plaintiff filed an amended complaint
20 on February 25, 2005, in state court, which no longer included Van Fossen or Allen as
21 defendants, only listed a claim for failure to prevent discrimination under Section 12940 and
22 added a claim for deprivation of civil rights under 42 U.S.C. 1983 against BART.  BART
23 removed the case to this Court on March 23, 2005 asserting federal-question jurisdiction.
24 Plaintiff subsequently filed the operative second amended complaint on July 8, 2005, adding a
25 claim for deprivation of civil rights under 42 U.S.C. 1981 against BART.

26 The January 17 order granted defendant summary judgment as to plaintiff's federal
27 claims because plaintiff could not state a claim for municipal liability as a matter of law under
28

2

*Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). The order remanded plaintiff's Section 12940 claim, finding no reason to keep jurisdiction over this state-law claim.

Plaintiff moved to amend his complaint after oral argument on defendant's summary-judgment motion, one day prior to the January 17 order. Plaintiff seeks to re-add Tamar Allen as a defendant for purposes of plaintiff's Section 1981 and Section 1983 claims. After the January 17 order issued, plaintiff also filed a motion for "reconsideration," in which he merely incorporated by reference his briefing on the motion to amend. Plaintiff does not specify under which rule he seeks reconsideration. Since the motion was filed within ten days of final judgment, this order treats the latter motion as one to alter or amend the judgment under FRCP 59(e).

**ANALYSIS**

**1.    MOTION TO AMEND.**

Leave to amend a complaint shall be freely given when justice so requires under FRCP 15(a). FRCP 15(a), however, does not apply when a court has established a deadline for amended pleadings. Once a scheduling order has been entered, subsequent amendments are not allowed without a request to modify the scheduling order. A party's failure to seek modification for the scheduling order is a ground to deny the untimely motion. Even if sought, any modification must be based on a showing of good cause under FRCP 16(b), which entails the following:

> Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

In the Court's scheduling order dated July 7, 2005, the parties were instructed that leave to add new parties must be sought by July 22, 2005. FRCP 16(b)'s good cause requirement thus applies to plaintiff's motion.

3

1   This is a quintessential example of lack of diligence. Plaintiff waited to bring this
2 motion until *six months* after the deadline for amendments, only when he realized he was on the
3 verge of losing on his federal claims and facing remand. He presumably determined from oral
4 argument that the Court was inclined to grant summary judgment as to his federal claims based
5 on the *Monell* doctrine. That doctrine has been around for over a quarter of a century. It should
6 not have been news to plaintiff at the hearing. Plaintiff could have sought to add Allen long
7 before but failed to do so. Indeed, while this case was still in state court, *plaintiff made the*
8 *decision to cut out Allen as a defendant*.

9   Moreover, while prejudice to defendant must not be the only consideration, this order
10 nonetheless notes the prejudice to defendant as an amplifying factor for denying leave to
11 amend. Defendant exhausted resources on moving for summary judgment and litigating this
12 case assuming Allen would not be a defendant. Plaintiff now blindsides defendant with his
13 eleventh hour request for rescue of his ill-fated federal claims. This order will not grant such a
14 request.

### 2. Motion for Reconsideration

   Relief under FRCP 59(e) is "an extraordinary remedy, to be used sparingly in the
interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934,
945 (9th Cir. 2003). A motion under FRCP 59(e) "should not be granted, absent highly unusual
circumstances, unless the district court is presented with newly discovered evidence, committed
clear error, or if there is an intervening change in the controlling law." Morever, such a motion
"may not be used to raise arguments or present evidence for the first time when they could
reasonably have been raised earlier in the litigation."

   Plaintiff does not identify any unusual circumstances warranting relief here. Plaintiff
only states that his federal claims "are important to him and are not redundant to his state FEHA
claim" and incorporates his motion for leave to amend by reference (Reconsideration Br. at 2).
The January 17 order did not reject plaintiff' federal claims on the grounds that they were
unimportant or redundant. Rather, as noted above, plaintiff's federal claims faltered under
*Monell* doctrine. No error is alleged with respect to the *Monell* analysis in the order.

4

Plaintiff's counsel's neglect in seeking amendment of the complaint also does not justify relief from judgment. Counsel did not stumble upon new evidence or even a new body of law. On the contrary, plaintiff's claims were inconsistent with well-established jurisprudence following *Monell*.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for leave to amend and to amend judgment are **DENIED**. Finding further argument unnecessary, the hearings on these motions are hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: February 13, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5